# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE WATKINS,<br><br>                      Petitioner,<br>vs.<br><br>PEOPLE OF THE UNITED STATES,<br><br>                      Respondent. | CASE NO. 13-CV-3174-H (BGS)<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR TOLLING** |

      Petitioner, a state prisoner proceeding pro se, has filed a document entitled "Ex Parte Motion to the Court for the Purpose of an Extension of Time, For a Period of 60 Days" asking the Court to toll the deadline for filing his habeas corpus petition pursuant to 28 U.S.C. § 2254. The Court is without jurisdiction to extend the one-year statute of limitations of 28 U.S.C. § 2244(d)(1)(A)-(D), which provides that the limitation period shall run from the latest of:

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Roy v. Lampert, 465 F.3d 964, 968 (9th Cir. 2006). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Petitioner has not filed a Petition for writ of habeas corpus in this action, therefore, he has not initiated habeas proceedings in this Court. Isley v. Arizona Dep't of Corr., 383 F.3d 1054, 1056 (9th Cir. 2004) (citing Woodford v. Garceau, 538 U.S. 202, 208-10 (2003)) ("[A] habeas proceeding is 'pending' only after the petitioner has placed before the court an actual request for relief from the judgment of conviction.").

## CONCLUSION

For the foregoing reasons, the Court denies Petitioner's request to toll the statute of limitations without prejudice. The Court directs the Clerk to close the case.

**IT IS SO ORDERED.**

DATED: January 2, 2014

_____
Marilyn L. Huff, District Judge
UNITED STATES DISTRICT COURT